State of CALIFORNIA, ex rel Bill LOCKYER, Attorney General;, Petitioner,

The City of Santa Clara, et al., Petitioner–Intervenor,

v.

FEDERAL ENERGY REGULATORY COMMISSION;, Respondent,

PG & E National Energy Group Holdings Corporation, Respondent–Intervenor.

Northern California Power Agency;, Petitioner,

Transmission Agency of Northern California, et al., Petitioner–Intervenor,

v.

Federal Energy Regulatory Commission;, Respondent,

Pacific Gas and Electric Company, National Energy Group, Respondent–Intervenor.

Nos. 02–70336, 02–70578.
FERC Nos. EC01–49–002, EC01–41–002.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided Feb. 21, 2003.*

* Withdrawn, published in full at 329 F.3d 700.

Before SILVERMAN and GOULD, Circuit Judges, and WEINER,** District Judge.

MEMORANDUM ***

Petitioners the State of California and the Northern California Power Agency (NCPA) appeal the Federal Energy Regulatory Commission's approval of a corporate reorganization by certain Pacific Gas & Electric Company subsidiaries. The petitioners argue that the Commission failed to give them due process and failed properly to consider the public interest as required by the Federal Power Act. We reject the petitioners' contentions.

At the outset, we note that, though the issue is not free from doubt, the petitioners have shown sufficient "actual or imminent" injury caused by the Commission's action to possess standing under the Constitution's Article III. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). However, we reject the petitioners' arguments on the merits.

■ Regardless of whether the Commission gave the petitioners adequate notice and opportunity for hearing before its original January 12, 2001 orders, the Commission later remedied any alleged proce-

dural defect by considering whatever evidence and arguments petitioners offered in their petitions for rehearing and their motions to intervene. We have held that the Commission need not hold a trial-type hearing if it can adequately resolve disputed issues of fact on the written record. *See, e.g., Sierra Assoc. for Envt. v. FERC*, 744 F.2d 661, 663 (9th Cir.1984) (noting that a "paper hearing" provides due process). Here, the petitioners not only had ample opportunity to submit whatever evidence they desired as part of the petition-for-rehearing process, but also they had an obligation under the Commission's procedural rules to do so. *See* 18 C.F.R. § 385.214(b)(1); 18 C.F.R. § 385.713(c). When the Commission gave the petitioners the opportunity fully to submit evidence and argue the issues in their petitions for rehearing, as it did here, the Commission satisfied the dictates of due process required by the Constitution and federal statute. *See Boston Edison Co. v. FERC*, 885 F.2d 962, 966 (1st Cir.1989) (Breyer, J.); *see also City of Auburn v. United States*, 154 F.3d 1025 (9th Cir.1998).

■ The Commission was not required to comply with the Administrative Procedure Act's notice-and-comment procedural requirements applicable to agency rulemaking because the Commission's approval of the PG & E companies' reorganization was not a "rulemaking." *See United States v. Florida East Coast Ry. Co.*, 410 U.S. 224, 245, 93 S.Ct. 810, 35 L.Ed.2d 223 (1973) ("Adjudication deals with what the law was; rulemaking deals with what the law will be.").

The Commission did not abuse its discretion by not permitting NCPA to inter-

** The Honorable Charles R. Weiner, Senior United States District Judge for Eastern Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

vene late in Docket EC01–41 when the Commission determined that the agency did not have "good cause" for failing to file a timely motion. *See* 18 C.F.R. § 385.214(d).

The Commission's finding that the Pacific Gas & Electric companies' reorganization was "consistent with the public interest," 16 U.S.C. § 824b(a), was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). The Commission's orders directly contradict NCPA's assertions that the Commission failed to consider the public interest and failed to consider the reorganization's effects on creditors. The Commission explicitly considered the reorganization's effects on creditors and decided, on balance, that the reorganization was consistent with the public interest, based on relevant factors. Balancing potentially conflicting factors relevant to the public's energy needs is a task for the Commission's discretion that we hesitate to second-guess.

Finally, we deny NCPA's motion that we judicially notice certain documents. *See Rybachek v. EPA,* 904 F.2d 1276, 1296 (9th Cir.1990) ("Judicial review of agency actions should generally be confined to the original record upon which the actions were based.").

PETITION DENIED.